**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:25-CV-00188-GNS-HBB**


**RICKY PAMBLANCO**                                                    **PLAINTIFF**


**VS.**


**BEELMAN TRUCK CO., et al.**                                          **DEFENDANTS**


**MEMORANDUM OPINION**
**AND ORDER**

Defendants Donald D. Jackson and Beelman Truck Co. move for leave to file a third-party complaint at DN 20.  Plaintiff Ricky Pamblanco responded in opposition at DN 28.  Defendants replied at DN 28.

This is an action for personal injury.  Defendants' semi-tractor trailer was disabled and parked in the emergency lane of I-65.[1]  Pamblanco was replacing a damaged tire with a new one when another passing truck collided with the damaged tire, causing it in turn to collide with Pamblanco.[2]  Pamblanco was employed by Best One Tire and Service of Bowling Green, Inc. d/b/a Best-One Fleet Service of Bowling Green ("Best One").  Defendants seek to join Best One as a third-party defendant.  Defendants' tendered Third-Party Complaint seeks indemnification from Best One for any judgment against them in favor of Pamblanco or, in the alternative, for an apportionment of fault to Best One.[3]  As to the basis for Defendants' claims against Best One, they state:

---

[1] DN 1-1, pp. 39-40.
[2] *Id.*
[3] DN 20-1, p. 2.

Mr. Jackson and Beelman Truck Co. seek to assert a third-party claim against Best One whom they believe negligently trained and supervised the Plaintiff. Video footage from Mr. Jackson's vehicle and body camera footage from the responding police officers shows that Mr. Pamblanco parked his service truck in front of Mr. Jackson's vehicle. However, standard practice is for a service truck to park behind the vehicle being serviced as it is more protective.

Best One has a duty to properly train and supervise its employees, so they are familiar with proper safety protocols when responding to a service call. Best One is liable to Mr. Jackson and Beelman Truck Co. for the Plaintiff's alleged claims against them. In permitting the third-party claim against Best One, additional parties whose rights may be affected by the decision are included and joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit. Further, initial discovery in this matter has only just begun, and the Plaintiff will not be prejudiced by the addition of Best One as a party.[4]

Pamblanco opposes the Defendants' motion. He asserts that at the time of the accident Best One held a policy of workers' compensation insurance and that he was paid benefits. Because Best One maintained workers' compensation insurance, KRS 342.690 provides that any other claim against Best One is precluded. Pamblanco points to *Lexington-Fayette Urb. Cnty. Gov't v. Smolcic* for the holding that fault cannot be apportioned to a party holding absolute immunity.[5] 142 S.W.3d 128, 136 (Ky. 2004).

The Defendants disagree. They note that *Smolcic* involved a claim against a government entity, which has absolute immunity. Here, Defendants argue, the workers' compensation statute does not confer absolute immunity on Best One, only immunity from an employee's claims. Defendants note KRS 342.690(1) provides an employer's liability "to another person who may be liable for or who has paid damages on account of injury or death of an employee . . . caused by a breach of any duty or obligation owed by such employer to such other" is limited to the amount of compensation to which the employer is liable under the statute.[6] They point to this Court's decision

---

[4] DN 20-2, pp. 2-3.

[5] DN 21.

[6] DN 28, p. 2 (quoting KRS 342.690(1)). Defendants cite to KRS 342.390(1) for the quoted language, but this appears to by a typographical error, as in the same paragraph Defendants correctly cite to KRS 342.690.

in *Lindsey v. Perdue Farms Inc.*, No. 4:09-CV-00071-JHM, 2013 WL 943839, at *3 (W.D. Ky. Mar. 11, 2013) in which the Court held that the limitation of an employer's liability to indemnify a third-party did not mandate dismissal of a third-party complaint for indemnity.[7]

Discussion

Under FED. R. CIV. P. 14(a)(1), "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." While the decision to grant a party's motion for leave is ultimately a matter of court discretion, courts may consider whether the third-party complaint is futile. *Doe v. Williamsburg Indep. Sch. Dist.*, No. 6:15-CV-75-GFVT, 2016 U.S. Dist. LEXIS 57735, at *4-6 (E.D. Ky. May 2, 2016). A third-party complaint is futile if it would not withstand a Rule 12(b)(6) motion to dismiss. *Budsgunshop.com. LLC v. Sec. Safe Outlet, Inc.*, No. 5:10-CV-00390-KSF, 2012 U.S. Dist. LEXIS 72575, at *24 (E.D. Ky. May 23, 2012).

As noted earlier, Defendants' proposed third-party complaint seeks indemnity from Best One for any award against them in Plaintiff's favor or, in the alternative that the jury be permitted to apportion fault to Best One.

1.   Indemnification

There is no dispute that Best One was covered by Workers' Compensation insurance, or that Best One's carrier paid Pamblanco benefits under that policy. The Kentucky Workers' Compensation Act "limits [the] employer's liability to indemnify a third-party tortfeasor to the amount of workers' compensation benefits that the employer must pay" to the injured employee, unless the parties have contracted otherwise. *Labor Ready, Inc. v. Johnston*, 289 S.W.3d 200, 208 (Ky. 2009); *see* KRS 342.690(1). If an employer has already compensated the injured employee

---

[7] *Id.* at pp. 3-4.

pursuant to the KWCA, a third party "cannot successfully maintain an indemnity claim" against that employer. *Purvis v. Praxair, Inc.*, Nos. 5:19-08-KKC, 5:19-245-KKC, 5:19-254-KKC, 2020 U.S. Dist. LEXIS 202836, at *9-10 (E.D. Ky. Oct. 30, 2020) (quoting *Smith v. Univar USA, Inc.*, No. 12-134-ART, 2013 U.S. Dist. LEXIS 202042, at *3-4 (E.D. Ky. Nov. 26, 2013)); *see also Owens v. Global Equip. Co.*, No. 1:17-CV-00182-GNS-HBB, 2019 U.S. Dist. LEXIS 142833, at *5-7 (W.D. Ky. Aug. 22, 2019).

2. Apportionment

Fault may be apportioned to Best One without joining it as a party to the action. As the Court observed in *Commins v. Nes Rentals Holdings:*

> Apportionment of fault does not require the addition of KBR as a party. *Owens Corning Fiberglass*, 58 S.W.3d at 480-81 ("[I]f supported by the evidence, proper instructions may allow the jury to apportion fault against a settling nonparty, and a settlement, between an employer and employee, of a claim under the Workers' Compensation Act constitutes a settlement under KRS 411.182(4)."). This view, as the Plaintiffs correctly point out in their response in opposition, is why several federal district courts in Kentucky have in recent years rejected the identical argument that apportionment requires that a third-party complaint be filed against the employer of an injured worker. *See, e.g., Griffin v. Honeywell Int'l*, 2014 U.S. Dist. LEXIS 160255, 2014 WL 6455209, at *4 (E.D. Ky. Nov. 13, 2014); *Pickrell v. Cooper Container Corp.*, 2008 U.S. Dist. LEXIS 145400, 2008 WL 11344737, at *3 (E.D. Ky. April 9, 2008); *Franke v. Ford Motor Co.*, 398 F. Supp. 2d 833, 840 (W.D. Ky. 2005).

No. 3:16-CV-00608-GNS, 2018 U.S. Dist. LEXIS 242498, at *9-10 (W.D. Ky. Feb. 27, 2018).

**WHEREFORE**, Defendants' motion to file a Third-Party Complaint, DN 20, is **DENIED**.

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

July 14, 2026

Copies:  Counsel

4